IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
GENERAL CIVIL DIVISION

ELIZABETH M. MOSS
SUCCESSOR TRUSTEE OF
ELIZABETH MAC INTYRE TRUST,

      Plaintiff,     CASE NO.:51-2010-CA-3480 WS/G
v.                Division:

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

      Defendant.
_____/

## COMPLAINT

**COMES NOW** the Plaintiff, ELIZABETH M MOSS SUCCESSOR TRUSTEE OF ELIZABETH MAC INTYRE TRUST, by and through her undersigned counsel, and hereby sues the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("Hartford"), and as grounds therefore states as follows:

### JURISDICTION & VENUE

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of attorneys' fees, pre-judgment interest and costs.

2. At all times material hereto, Plaintiff was a resident of the State of Florida and the owner of real property located at 13727 Maritime Court, Hudson, Pasco County, Florida 34667.

3. At all times material hereto, Defendant was a foreign corporation registered to do business in the State of Florida. Hartford is engaged in the business of providing insurance coverage to property owners located in Pasco County, Florida.

4. Jurisdiction and venue are proper in this Court.

1

## GENERAL ALLEGATIONS

5. Plaintiff is the owner of real and personal property located at 13727 Maritime Court, Hudson, Pasco County, Florida 34667 (the "Property").

6. Plaintiff maintained a policy of homeowners insurance covering the Property, Policy No. KF KDP 47067, with Hartford (the "Policy") at all times material hereto. Plaintiff does not have a full copy of the Policy in her possession. A true and correct copy of the Policy Declaration Page is attached hereto and incorporated herein as Exhibit "A."

7. Plaintiff has paid all premiums on the Policy, and the Policy was in full force and effect at all relevant times herein.

8. On or about May 5, 2008, Plaintiff noticed damage to the house that was consistent with sinkhole activity.

9. On information and belief, the damage is the result of sinkhole activity at the Property.

10. The damage to Plaintiff's Property is the result of a covered peril under the Policy.

11. Plaintiff duly made an application for insurance benefits under the Policy, but Defendant has failed and refused to pay the benefits to which Plaintiff is entitled for the loss. Defendant denied coverage for the loss on January 12, 2009. A true and correct copy of the denial letter is attached hereto as Exhibit "B."

12. All conditions precedent to obtaining payment of said benefits under the Policy from Defendant have been complied with, met, or waived.

13. As a result of Hartford's refusal to pay the losses sustained by Plaintiff, Plaintiff has retained the services of the undersigned attorneys and is obligated to pay a reasonable fee for their services. Plaintiff is entitled to attorneys' fees in this action pursuant to §627.428 Florida Statutes.

## COUNT I: BREACH OF CONTRACT

14. Plaintiff realleges and incorporates paragraphs one (1) through thirteen (13) as though fully set forth herein.

15. Plaintiff and Defendant are parties to a valid and binding contract of insurance which requires Defendant to provide payment to Plaintiff in the event of a covered loss to Property.

16. Defendant has breached the Policy by failing to acknowledge a covered loss to the Property and by failing to pay the benefits due and owing under the Policy.

17. Plaintiff has been damaged by Defendant's breach of contract.

18. Plaintiff is entitled to the full cost of repairs of the damage to the Property, including but not limited to repairs of the cracks, repair of the foundation, building stabilization, ground stabilization, cosmetic repair, structural repairs and other expenses necessary to repair the Property and, if the Property is not repairable, the full replacement cost.

19. Plaintiff is entitled to compensation for the loss to the Property. Plaintiff seeks the following damages: (a) complete guaranteed repair of the Property in its entirety, including but not limited to, ground stabilization, building stabilization, foundation repair, and cosmetic repair, or if the Property is not repairable the full replacement cost for the Property, (b) damages including court costs, attorneys' fees

under §627.428, Florida Statutes, expert fees and costs, and pre-judgment interest; and (c) additional Policy benefits for loss of use, moving expenses, rental home during repair and stabilization, landscaping, debris removal, and any other benefit available under the Policy.

20. Plaintiff demands a trial by jury on issues in Count I.

WHEREFORE, Plaintiff, ELIZABETH M. MOSS, demands judgment against the Defendant, Hartford Insurance Company of the Midwest, for:

A. All damages to which the Plaintiff is entitled, including all benefits available under the Policy;

B. Pre-judgment interest; and

C. Court costs, expert fees and costs and attorneys' fees pursuant to Section §627.428 Florida Statutes.

Dated: April 16, 2010

Respectfully Submitted,

Amy D. Boggs, Esq.
Florida Bar No. 0412422
THE MERLIN LAW GROUP
777 S. Harbour Island Blvd.,
Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692

INUATION Page With the Forms And Endorsements
below CONTINUES Your HOMEOWNERS POLICY

INSURER: HARTFORD INSURANCE COMPANY OF THE MIDWEST
200 EXECUTIVE BLVD., SOUTHINGTON, CT 06489

The Hartford

## DECLARATIONS

POLICY NO. 55 RBB641195

Named Insured and RESIDENCE PREMISES:
MOSS, SUCCESSOR TRUSTEE ELIZABETH M
ELIZABETH MAC INTYRE TRUST
13727 MARITIME CT
HUDSON          FL 34667

Policy Period 12:01 A.M. Standard Time at the Residence Premises
FROM 10-30-08 TO 10-30-09   TERM: 1 YEAR

Producer Name:
CUSTOMER SERVICE: 1-800-423-0567     CODE: 553780 DAQ
CLAIM SERVICE: 1-877-805-9918

TOTAL POLICY PREMIUM: $ 1,221.00

COVERAGE IS PROVIDED WHERE A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE.

### COVERAGES — LIMIT OF LIABILITY

SECTION I

| | |
|---|---|
| A. DWELLING | $ 200,000 |
| B. OTHER STRUCTURES | $ 20,000 |
| C. PERSONAL PROPERTY | $ 140,000 |
| D. LOSS OF USE | $ 40,000 |

SECTION II

| | |
|---|---|
| E. PERSONAL LIABILITY: EACH OCCURRENCE | $ 100,000 |
| F. MEDICAL PAYMENTS TO OTHERS: EACH PERSON | $ 1,000 |

DEDUCTIBLE - SECTION I: OTHER THAN HURRICANE $ 500
HURRICANE DEDUCTIBLE EQUAL TO 5% OF COVERAGE A, OR $10,000 AT CURRENT COVERAGE A LIMIT.

THIS POLICY MAY CONTAIN AN INFLATION GUARD OR REPLACEMENT COST GUARANTEE RIDER. THE HURRICANE DEDUCTIBLE MAY BE HIGHER THAN INDICATED WHEN LOSS OCCURS DUE TO APPLICATION OF THE INFLATION GUARD OR REPLACEMENT COST GUARANTEE RIDER.

MORTGAGEE:   LOAN NO. 8307023436
PREIMER BANK
ISAOA
15301 W 87TH ST PKWY
LENEXA          KS 66219

COUNTERSIGNED BY _Kristino R. Ops_ AUTHORIZED AGENT

EXHIBIT A

----CONTINUED ON PAGE 2----



January 12, 2009

**THE HARTFORD**

Pamela Persons c/o Successor Trustee Elizabeth Moss
13727 Maritime Ct
Hudson, FL 34667

Re: Insured:           Successor Trustee Elizabeth M Moss:
    Date of Loss:      05/08/2008
    Claim Number:      PP0007853456
    CCPS Number:       YKF KDP 47067

Dear Pamela Persons

We have completed our investigation into your claim for possible sinkhole /settlement damage to your property located at 13727 Maritime Ct, Hudson, Florida. SDII Global was contacted to perform a geological inspection at your home to determine the cause of the damage at your property. This was necessary to determine and evaluate potential coverage under your HO-0003 10/00 policy.

As indicated in the enclosed SDII Global engineering report, they have determined the following:

> "It is SDII's professional opinion that sinkhole activity as defined by 627.706 Fl. Statute does not exist at the Moss property.
>
> Furthermore, based on the data presented herein, it is SDII's professional opinion within reasonable probability that a sinkhole loss, as described by 627.706, has not occurred at the Moss property.
>
> The damage to the residence is the result of material shrinkage, thermal expansion /contraction, and post-construction structural settlement."

Based on the provided information, it is determined that the damage to your home is not covered in accordance with the policy language below.

We call your attention to policy number 55 RBB 7853456 with effective dates for this loss of 10/3/07 to 10/3/08. Please refer to your Homeowners Insurance policy under policy, (HO3-10/00), it states the following:

**"SECTION 1- PERIL INSURED AGAINST**

  A. Coverage A- Dwelling and Coverage B –Other Structures.

  1. We insure against risk of direct physical loss to property described in Coverages A and B.
  2. We do not insure, however, for loss:

   f. Settling, shrinking, bulging or expansion, including resultant cracking of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings.



EXHIBIT B

The Hartford
Eastern Property
Claim Region
P.O. Box 14268
Lexington, KY 40512-4268
Toll Free 800 280 0555
Facsimile 866 809 9794

**SECTION 1- EXCLUSOINS**

3. Earth Movement
   Earth Movement means:

   > D. Any other earth movement including earth sinking, rising or shifting;
   > Caused by or resulting from human or animal forces or any act of nature unless direct loss by fire or explosion ensues and then we pay only for the ensuing loss"

Based on the above exclusions, we regret we are unable to honor your claim. This decision is based upon our evaluation of the total circumstances involved. If you have any additional information that should be considered in evaluating your damages, please contact me at the number listed below.

I am enclosing a copy of the SDII Global Corporation report and the neutral evaluator pamphlet for your review. If you have any questions, please contact me for further assistance.

Sincerely,


Deidra L Kriner
Outside Claim Rep
(800) 637-5410 x64117

Writing Company Name: Hartford Insurance Company of the Midwest


*It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines or a denial of insurance benefits.*


Enclosures:  Engineering report from SDII.
             Neutral Evaluation Pamphlet.